O'Neal vs. Deese.

---

CULLEN O'NEAL, plaintiff in error, *vs.* JOEL DEESE, defendant in error.

If the defendant be under obligation to refund money which has been paid to him by mistake, the person who has committed the mistake, and been compelled to account to the true owner, may sue for and recover back the fund; his right to do so, being founded in the equity of his case.

In Equity, from Laurens Superior Court. Decision on demurrer, by Judge LOVE, at October Term, 1857.

This bill was filed by Joel Deese, against Cullen O'Neal·

The allegations are, that in the fall of 1850, Thomas M. Yopp sent to the Central Railroad, at station No. 15½, five bales of cotton, to be shipped to Washburn, Wilder & Co., of Savannah About the same time, defendant O'Neal sent to the same station, forty-five bales of cotton, with directions that they be shipped to the same house. Complainant was the agent of the road, at said station, and while Yopp's cotton was in the cotton yard at the station, the marks on the bales were washed out and obliterated by the rains to which it was exposed. That afterwards, in re-marking said cotton, through mistake, Yopp's cotton was marked as O'Neal's, and all consigned to Washburn, Wilder & Co, as the cotton of O'Neal. Washburn, Wilder & Co. sold the entire 50 bales as O'Neal's, and remitted to him the amount of sales. That the 5 bales belonging to Yopp, thus included, amounted to $222 50, and which was received by O'Neal with the rest.

Yopp afterwards, through his factors, the said Washburn, Wilder & Co., called upon the Railroad Co., to account for his 5 bales, and upon presenting complainant's receipt, the company responded and paid, as the value of the said 5 bales, the sum of $222 50.

The company called upon complainant, agent as aforesaid, to make good this loss, caused through his mistake, and he repaid to them the amount which they had paid Yopp. That afterwards, Yopp gave complainant an order on O'Neal for the said sum of $222 50, the proceeds of said five bales of cotton, which he had received. O'Neal, upon being applied to, refused to refund.

To this bill O'Neal demurred, for want of privity between complainant and defendant.

The Court overruled the demurrer, and defendant excepts.

Iverson L. Harris, for plaintiff in error.

John R. Cochrane, for defendant in error.

*By the Court*—LUMPKIN, J. delivering the opinion.

Our judgment is, that there is equity in the bill; and that the demurrer was properly overruled. Nor can we see any good reason why a recovery should not have been had at law.

In the great case of *Moses vs. McFarlan*, 2 *Brunow*, 1005, Lord Mansfield denied that the right to recover in a case like this, was founded upon the idea of privity in contract, either express or implied; but on the contrary, held, that "if the defendant be under an obligation, from the ties of natural justice, to *refund*, the law implies *a debt*; and gives this remedy founded upon the equity of the plaintiff's case, as if it were upon contract. "In one word," says his Lordship, "the gist of this action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity, to refund the money."

And this Court says, *in Culbreath vs. Culbreath*, 7 *Ga. Rep.* 64, "if there is justice in the plaintiff's demand, and injustice or unconscientiousness in the defendant's withholding it, the action lies, or to use more appropriate language, the law will compel him to pay."

Without any order then from Yopp to O'Neal, to refund the $222 50, paid to him by mistake, from the sale of the five bales of cotton, which belonged to Yopp and not to O'Neal, as is admitted by the demurrer to the bill, we should have felt unwilling to send the complainant out of Court. With that order, we should be inexcusable for doing so. Indeed, Mr. O'Neal owes it to himself to answer this bill, and assign the reason, as he no doubt can do, why he apparently holds on to money which does not belong to him, and which an innocent man has had to pay to the rightful owner.

It is supposed that there is no precedent in the books for such a proceeding. We think, and have endeavored to show, that there is; but if not, principle requires that one should be established. It would argue a great defect in the moral

administration of justice, if one man could retain the money of another, for which he had given nothing, and which he received by mistake.

Judgment affirmed.